UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cr-00060-TWP-TAB |
| | ) |
| CAMERON JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS AND
MOTION FOR GRAND JURY TRANSCRIPTS**

This matter is before the Court on Defendant Cameron Johnson's ("Johnson") Motion to Dismiss Allegation that Defendant Qualifies as an Armed Career Criminal (Filing No. 95) and Motion for Grand Jury Transcripts (Filing No. 96). In particular, Johnson seeks dismissal of the sentencing allegation under Title 18, United States Code, Section 924(e), in light of the Supreme Court's decision in *United States vs. Wooden*, 142 S.Ct. 1063 (2022). For the reasons discussed below, Johnson's Motions are **denied**.

**I.      BACKGROUND**

On February 19, 2022, a federal grand jury returned an Indictment (Filing No. 12) charging Johnson with Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). The Indictment alleges the following prior felony convictions:

    a.    Robbery (Two Counts), a Class B felony, in Marion County (Indiana) under cause 49G06-0902-FB-022210, on or about October 09, 2009; and/or

    b.    Robbery, a Level 3 felony in Marion County (Indiana) under cause number 49D06-1602-F3-007927, on or about November 03, 2016; and/or

    c.    Dealing in a Narcotic Drug as a Level 4 felony in Hendricks County (Indiana) under cause number 32D02-1710-F2-000024, on or about December 18, 2017.

(Filing No. 12).

On March 7, 2022, the United States Supreme Court issued an opinion in *Wooden v. United States*, 142 S. Ct. 1063 (2002), which resolved a circuit split on the meaning of the Armed Career Criminal Act's ("ACCA") occasions clause and announced a "multi-factored" test that should be used to determine whether offenses were committed on separate occasions. *Wooden*, 142 S. Ct. at 1070–71. The *Wooden* court expressly declined to address whether the Sixth Amendment requires that a jury make the separate occasions determination. *Id.* at 1068 n.3.

On November 15, 2022, a federal grand jury returned a Superseding Indictment charging Johnson with Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). The Superseding Indictment alleges the same prior felony convictions as the original Indictment but lists the 2009 robberies separately as follows:

> Robbery, a Class B felony, in Marion County (Indiana), committed on January 22, 2009 at 4300 Priscilla Avenue, convicted under cause 49G06-0902-FB-022210 on or about October 09, 2009; and/or
>
> Robbery, a Class B felony, in Marion County (Indiana), committed on January 22, 2009 at 6107 E. 40th Street, convicted under cause 49G06-0902-FB-022210 on or about October 09, 2009; and/or
>
> Robbery, a Level 3 felony, in Marion County (Indiana), committed on February 23, 2016, convicted under cause number 49D06-1602-F3-007927 on or about November 03, 2016; and/or
>
> Dealing in a Narcotic Drug, a Level 4 felony, in Hendricks County (Indiana), committed on October 4, 2017, convicted under cause number 32D02-1710-F2-000024, on or about December 18, 2017.

(Filing No. 78). The Superseding Indictment newly alleges that each of the above offenses was "committed on occasions different from another," and that Johnson's conduct violated both 18 U.S.C. § 922(g)(1) and § 924(e). *Id.*

The parties agree that Johnson's two 2009 robbery convictions and his 2016 robbery conviction qualify as predicate offenses under the ACCA, but they disagree as to whether the 2009

2

robberies were committed on the same occasion. If they were committed on the same occasion, then Johnson would have committed predicate offenses on only two occasions (once in 2009 and once in 2016), and he would not qualify as an armed career criminal under the ACCA. If the 2009 robberies were committed on separate occasions, then Johnson would have committed offenses on three occasions (twice in 2009 and once in 2016), and he would qualify.

Johnson argues that under the multi-factored test announced in *Wooden*, the 2009 robberies were committed on one occasion, and the ACCA allegation in the Superseding Indictment is therefore insufficient and should be dismissed. Johnson argues that the ACCA's occasions clause is unconstitutional for several reasons and alternatively, should be dismissed by the trial Court on that basis. Johnson also seeks copies of the grand jury transcripts in this case, arguing the transcripts are necessary to ensure that the grand jurors were properly instructed on the ACCA's occasions clause under *Wooden*.

The Government asserts that the Superseding Indictment is legally sufficient as it informs Johnson of the charge against him – 18 U.S.C. § 922(g)(1), with the enhanced penalty under 18 U.S.C. § 924(e) – and adequately states the elements of the charge and enhanced penalty. The Government argues that the ACCA is constitutional; a jury must decide whether the 2009 robberies were committed on separate occasions; and Johnson has failed to make a strong showing of particularized need for grand jury materials. Thus, argues the Government, Johnson's Motions should be denied.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to

challenge the legal sufficiency of an indictment or information for lack of specificity or failure to state an offense, among other things. Rule 12(b)(3)(B) provides an avenue for defendants to seek dismissal of the indictment or dismissal of specific criminal counts.

A defendant may move to dismiss an indictment if there is "a defect in the indictment," such as "joining two or more offenses in the same count (duplicity)," "charging the same offense in more than one count (multiplicity)," "lack of specificity," or "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). "An indictment need not say much to be deemed sufficient." *United States v. Moore*, 563 F.3d 583, 585 (7th Cir. 2009). "[W]hen evaluating the sufficiency of an indictment, we focus on its allegations, which we accept as true." *Id.* at 586. "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *Id.* (citation and quotation marks omitted).

"Indictments are reviewed on a practical basis and in their entirety, rather than in a hypertechnical manner." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citation and quotation marks omitted). "[A]n indictment is legally sufficient if it (1) states all the elements of the crime charged, (2) adequately informs the defendant of the nature of the charges against him, and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citation omitted). In order to successfully challenge an indictment, a defendant must demonstrate that the indictment does not meet one or more of these requirements and that he will suffer prejudice as a result. *United States v. Dooley*, 578 F.3d 582, 590 (7th Cir. 2009).

"In setting forth the offense, it is generally acceptable for the indictment to 'track' the words of the statute itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *Smith*, 230 F.3d at 305. "[W]hile there must be

4

enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *United States v. White*, 610 F.3d 956, 959 (7th Cir. 2010). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (citation and quotation marks omitted).

**B.    Motion for Grand Jury Transcripts**

The judicial system consistently recognizes that the proper functioning of grand jury proceedings depends upon their absolute secrecy. *See Matter of Grand Jury Proceedings, Special Sept., 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991) (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979)).

> To obtain grand jury material, despite the presumptive secrecy imposed by Fed. R. Crim. P. 6(e), a litigant must show that the information is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed.

*United States v. Campbell*, 324 F.3d 497, 498–99 (7th Cir. 2003) (citing *Douglas,* 441 U.S. at 222).

The party seeking disclosure of grand jury transcripts must demonstrate more than relevance, as "secrecy is not broken 'except where there is a compelling necessity' for the material." *Hernly v. United States,* 832 F.2d 980, 984 (7th Cir.1987) (quoting *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958)). Such necessity "must be shown with particularity." *Id.*

### III.    DISCUSSION

Johnson is charged in the Superseding Indictment with Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and the enhanced penalty under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The ACCA provides that "armed career criminals"—persons who have been convicted of certain offenses committed on at least three separate "occasions"—are subject to enhanced sentencing for unlawful possession of a firearm.

Johnson's two October 9, 2009 robbery convictions (the "2009 robberies") and the ACCA's "occasions clause" are the subject of Johnson's Motions.

The Court will first address Johnson's request to dismiss the allegation that he qualifies as an armed career criminal, before discussing his request for grand jury transcripts.

**A.     Motion to Dismiss**

The parties' briefing on Johnson's Motion to Dismiss raise two broad issues regarding the ACCA's application: (1) who should decide whether the ACCA applies—a judge or a jury; and (2) when should that decision be made—before, during, or after trial. Johnson argues that the Court should decide that question before trial, and the Government argues a jury should decide that question during trial.

**1.     Who Should Decide Whether the ACCA Applies**

Johnson asserts that the ACCA commands that judges, not juries, decide whether predicate offenses were committed on separate occasions (Filing No. 95). He argues, however, that this command violates the Sixth Amendment. *Id.* at 17–18. In response, the Government argues that the Sixth Amendment requires that a jury make the separate occasions determination, relying on Supreme Court caselaw including *Alleyne v. United States*, 570 U.S. 99 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (Filing No. 101 at 3–5).

The Court appreciates the parties' thorough analysis of the ACCA, Supreme Court precedent, and the U.S. Constitution. Unfortunately, much of that analysis is not needed here. The question of whether a judge or jury may make the separate occasions finding is straightforward in this Circuit, at least from a district court's perspective. The Seventh Circuit, relying on the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), has consistently held that the ACCA's occasions clause is a sentencing provision, not an element of a substantive offense, and the sentencing judge makes the separate occasions determination for

purposes of applying the ACCA enhancement. *United States v. Shields*, 789 F.3d 733, 741 (7th Cir. 2015) ("We cannot accept the view that § 924(e)(1), on its own, provides a substantive element of the [§ 922] offense that must be submitted to the jury."); *United States v. Elliott*, 703 F.3d 378, 381 (7th Cir. 2012) (holding sentencing judge is empowered to make separate occasions determination); *accord United States v. Hatley*, 61 F.4th 536, 542 (7th Cir. 2023) ("[Defendant's] position is foreclosed by precedent. In *United States v. Elliott* . . . we determined that a sentencing judge may make a separate occasions finding for purposes of applying the ACCA enhancement."). "[N]o matter the court's views on the Sixth Amendment, the court remains duty bound to the law as announced in this circuit. . . . Unless this changes, the court stays the course." *United States v. Williams*, No. 20-CR-113, 2023 WL 192148, at *2 (N.D. Ind. Jan. 5, 2023).

To date, neither the Seventh Circuit nor the United States Supreme Court has held that a jury must make the separate occasions determination for purposes of applying the ACCA enhancement. The Seventh Circuit has stated that it will not revisit its holding on this subject until and unless "'the Supreme Court overrules *Almendarez-Torres* or confines it solely to the fact of a prior conviction.'" *Hatley*, 61 F.4th at 542 (citing *Elliott*, 703 F.3d at 383). Although some Supreme Court Justices continue to discuss whether *Almendarez-Torres* should be reconsidered, no Supreme Court case has overruled or confined it. *Hatley*, 61 F.4th at 542; *see Williams*, 2023 WL 192148, at *3 ("It isn't this court's province to declare when a Supreme Court case has overruled another, or that one has overruled the court of appeals—that's above its pay grade."). Even in *Wooden*, the Supreme Court expressly declined to decide whether the Sixth Amendment precludes judges from making the separate occasions determination, leaving other circuits' precedent on the issue unaffected. *Wooden*, 142 S. Ct. at 1068 n.3.

Further, all courts of appeals that have addressed this question since *Wooden*, including the Seventh Circuit, have held that a sentencing court may make the separate occasions determination. *See Hatley*, 61 F.4th at 542; *United States v. Reed*, 39 F.4th 1285, 1294–96 (10th Cir. 2022); *United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022); *United States v. Barrera*, No. 20-10368, 2022 WL 1239052, at *2 (9th Cir. Apr. 27, 2022); *see also United States v. Moon*, 31 F.4th 259, 264 (4th Cir. 2022) (noting that courts have "uniformly rejected" requirement that § 924(e) enhancement be proven to a jury and that the Supreme Court has repeatedly referred to § 924(e) as an enhancement rather than a conviction or offense); *cf. United States v. Stowell*, 40 F.4th 882, 885–86 (8th Cir. 2022), *vacated and reh'g granted en banc,* No. 21-2234, 2022 WL 16942355 (8th Cir. Nov. 15, 2022). The Government contends that "these cases were decided without the benefit of the government's new position" and that "the government disagrees with those decisions" (Filing No. 101 at 5). But despite its "new position,"[1] and disagreement with numerous circuit decisions, the Government has provided the Court no authority to depart from Seventh Circuit precedent.

The Court heeds precedent in declining to hold that the ACCA's occasions clause violates the Sixth Amendment. The Northern District of Indiana succinctly reasoned:

> [M]indful of the maxim "do as one says, not as one does," the court adheres to not just what the Supreme Court has said but what it has done. The high court unquestionably reserved the Sixth Amendment question, but it engaged in the very factfinding that the defendant says this court cannot do today. . . . That is, a court found the facts on ACCA's question of different occasions, not a jury. . . . The court today is doing nothing more than what the Supreme Court has done.

---

[1] The Government's current position appears to be extremely new. As recently as September 6, 2022, the Government was arguing to the Seventh Circuit that *Almendarez-Torres* remains good law, and sentencing judges must make occasions determinations for purposes of applying the ACCA sentencing enhancement. Brief of the United States at 9–13, *United States v. Rodriguez*, No. 21-2544, 2022 WL 17883607 (7th Cir. 2022) (No. 21-2544), 2022 WL 4134434 (2022), at *10–13; *see also* Brief for the United States at 23–26, *Hatley*, 61 F.4th 536 (7th Cir. 2023) (No. 21-2534), 2022 WL 2118365, at *23–26.

*Williams*, 2023 WL 192148, at *3 (internal citations omitted). This Court, too, will do as the Supreme Court and the Seventh Circuit have done. *Hatley*, 61 F.4th at 542 ("The Court reversed a sentencing judge's separate occasions finding but expressly reserved the Sixth Amendment issue. . . . And in *Wooden*'s wake, other circuits have continued to recognize the propriety of sentencing judges making this finding. We do the same." (citations omitted)).

Pursuant to clear and binding Seventh Circuit precedent, the Court will determine whether Johnson committed the 2009 robberies on separate occasions for purposes of applying the ACCA sentencing enhancement.

**2.      When Should the Court Decide Whether the ACCA Applies**

Having concluded that the Court is empowered to determine whether the ACCA applies to Johnson, the Court must now decide when it should make that determination. Johnson argues the Court should do so before trial on his Motion to Dismiss (Filing No. 95 at 13; Filing No. 102 at 1). The Court finds that the ACCA allegation should not be dismissed under Rule 12(b)(3), and that the ACCA's application should be decided after trial at sentencing.

Under Rule 12(b)(3), Johnson must demonstrate that the ACCA allegation is legally insufficient under Rule 7(c) and that he will suffer prejudice as a result. *Dooley*, 578 F.3d at 590. The Government argues that Johnson has not shown the ACCA allegation is legally insufficient and has not shown prejudice as a result. The Court agrees with the Government.

Johnson's Motion to Dismiss attacks the evidentiary sufficiency of the Government's request for an ACCA sentencing enhancement, not the legal sufficiency of the ACCA allegation. He argues that the "undisputed facts" show that the 2009 robberies were committed on two separate occasions (Filing No. 102 at 1). These arguments are premature. "A motion to dismiss is not intended to be a summary trial of the evidence. Such a motion is directed only to the validity of the indictment or the information, and it tests only whether an offense has been sufficiently

charged." *United States v. Yasak*, 884 F.2d 996, 1001 (7th Cir. 1989) (internal citation and quotation marks omitted). The appropriate time to challenge the evidentiary sufficiency of the Government's sentencing request is at sentencing. *See Shields*, 789 F.3d at 740–41, 751 (affirming district court's application of ACCA at sentencing); *see also United States v. Rule*, No. 16-cr-420, 2017 WL 3158873, at *2 (N.D. Ill. July 25, 2017) (declining to address whether defendant qualifies as an armed career criminal because "a motion to dismiss the indictment is not the proper means of raising the issue. . . . [T]he putative applicability of the ACCA's sentencing provision will be resolved, not coincidentally, at sentencing.").

Johnson also has not shown he will be prejudiced by the inclusion of the ACCA allegation in the Superseding Indictment. *Dooley*, 578 F.3d at 590; *see Shields*, 789 F.3d at 742 ("Under Rule 7(c) of the Federal Rules of Criminal Procedure, a miscitation such as the reference to § 924(e) is harmless error and cannot be grounds for dismissing the indictment or reversing the conviction unless the defendant is misled by the erroneous reference and prejudiced thereby.'" (quoting *United States v. Lowe*, 860 F.2d 1370, 1381 (7th Cir. 1988))). Johnson explains that he is willing to plead guilty to the substantive firearms offense but denies that he qualifies as an armed career criminal ([Filing No. 102 at 1](Filing No. 102 at 1)). If the ACCA allegation is not dismissed, Johnson argues, he will be "force[d] to defend himself at a jury trial and potentially forfeit his acceptance of responsibility" for the substantive offense and therefore be prejudiced. *Id.*

The Court recognizes that Johnson is in a difficult situation—he wishes to accept responsibility for the substantive firearms offense but does not know with certainty whether the sentence for that offense will be enhanced under the ACCA. But this predicament does not prejudice Johnson. As the Court explains above, the jury will not decide whether Johnson qualifies as an armed career criminal. The jury will only decide whether Johnson committed the substantive

10

firearms offense.  If Johnson wishes to plead guilty to that offense, then he will not be "force[d]" to proceed to trial.  He will only proceed to sentencing.  And even if Johnson chooses to proceed to trial, the risk of prejudice arising from the ACCA allegation could be alleviated through stipulations, limiting instructions, and orders in *limine*.  *Lowe*, 860 F.2d at 1382 (affirming district court's determination that the government's reference to § 924(e) in indictment was harmless error because defendant received notice and was not prejudiced in light of stipulation, motion in *limine*, and overwhelming evidence of guilt on substantive offense). Johnson has not shown he will be prejudiced by the inclusion of the ACCA allegation in the Superseding Indictment, so dismissal of that allegation under Rule 12(b)(3) is not appropriate.

Although Johnson understandably desires to know whether the ACCA will apply before he decides whether to plead guilty or proceed to trial, he is not entitled to such notice.  Johnson is only entitled to notice that the Government is seeking the enhanced penalty and notice of what that penalty is. If Johnson is convicted of unlawful possession of a firearm under § 922(g)(1), he may object to the Government's enhanced sentence request—and present the compelling arguments that he has raised in this brief—to support his position that the ACCA does not apply at sentencing. But he is not entitled to dismissal of the allegation and his motion to dismiss is **denied**.

B.       **Motion for Grand Jury Transcripts**

Johnson also requests the disclosure of grand jury testimony "to determine if the grand jurors were properly instructed under *Wooden* as to whether his 2009 robbery convictions were committed on separate occasions" (Filing No. 96). As discussed above, the separate occasions determination will be made by the Court, not a jury.  The Government is not required to prove any element of the ACCA's sentencing enhancement to prove the substantive firearms offense under § 922(g)(1), and the Government was therefore not required to refer to the ACCA in the Superseding Indictment.  *See Shields*, 789 F.3d at 741 (referring to "miscitation" to § 924(e) in

11

indictment for violation of § 922); *White v. United States*, 8 F.4th 547, 553 (7th Cir. 2021) ("To be sure, a pretrial § 924(e) notice is not required."). As a result, it is immaterial whether the grand jurors were properly instructed on *Wooden*, so Johnson has no particularized need to review any grand jury testimony. Johnson's Motion for Grand Jury Transcripts is **denied**.

### IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Johnson's Motion to Dismiss Allegation that Defendant Qualifies as an Armed Career Criminal (Filing No. 95) and Motion for Grand Jury Transcripts (Filing No. 96).

Any motion *in limine* regarding the ACCA allegation in the Superseding Indictment must be filed by Johnson by no later than **Friday, April 21, 2023**, and any response thereto must be filed by the Government by no later than **Tuesday, April 25, 2023**. The deadlines for all other motions *in limine* remain set in accordance with the Court's Order Setting Final Pretrial and Pretrial Filing Deadlines (Filing No. 23).The Court is willing to give a limiting instruction during the trial if evidence or reference to the ACCA allegation is introduced, upon request of defense counsel[2]. Consistent with the Order Setting Final Pretrial and Pretrial Filing Deadlines (Filing No. 23), defense counsel shall file and email to the Courtroom Deputy Clerk any proposed limiting instruction regarding the ACCA allegation by no later than **Friday, April 21, 2023**.

**SO ORDERED**.

Date:    4/14/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[2] The Seventh Circuit has "caution[ed] against judicial freelancing in this area." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014). In some situations, the defense may prefer "to let the evidence come in without the added emphasis of a limiting instruction," and if so the judge should not preempt this. *Id.*; *see also United States v. Lawson*, 776 F.3d 519, 522 (7th Cir. 2015) ("[T]he choice whether to give a limiting instruction rests with the defense, which may decide that the less said about the evidence the better.").

DISTRIBUTION:

Julie L. Treida
TREIDA LAW
treidalaw@gmail.com

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov